# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PET RAGEOUS DESIGNS, LIMITED )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | Court No. 20-00216 |

## COMPLAINT

Plaintiff, Pet Rageous Designs, Limited, (hereinafter Pet Rageous) by and through its Attorneys, Sullivan & Lynch, P.C., complains against the above-named Defendant and alleges a cause of action as follows:

1. Pet Rageous challenges the imposition by the Defendant United States of ad valorem duties on merchandise originating in China; doing so allegedly as authorized under Section 301 of the Trade Act of 1974, 19 U.S. C. § 2411. Plaintiff alleges that the imposition and collection of said duties on products identified as List 3, as set out in 83 Federal Register 47974, by the Defendant are not authorized under the Act; were promulgated and administered in violation of the Administrative Procedure Act; are unsupported by the facts developed by the United States; and are otherwise contrary to law.

## PLAINTIFF

2. Plaintiff Pet Rageous is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and maintains its primary place of business at 250 Ballardvale Street, Wilmington, Massachusetts. Plaintiff is the importer of record of the merchandise upon which the retaliatory duties that are the subject of this action were assessed and paid.

## JURISDICTION

3. This Court has exclusive jurisdiction over this civil action pursuant to 28 U.S.C. § 1581(i)(1), (2) and (4) because this civil action is commenced to contest the collection of duties by the United States at the direction of and pursuant to decisions by the United States Trade Representative (USTR) under Section 301 of the Trade Act of 1974, as amended (19 U.S.C. § 2111-2462).

4. 28 U.S.C. § 1581(i) states (emphasis added):

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a) – (h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for-

   (1) **revenue from imports or tonnage;**

   (2) **tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;**

   (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

   (4) **administration and enforcement with respect to the matters referred to in paragraphs (1) – (3) of this subsection and subsections (a) – (h) of this section**

5. This civil action is brought to compel the Defendant, United States, to refund duty monies originally collected beginning on September 24, 2018 pursuant to the authority of 19 U.S.C. § 2411.

6. This civil action is commenced under 28 U.S.C. § 1581(i)(1)(B) within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

7. The subject matter of this civil action does not involve a decision by the Commissioner of United States Customs and Border Protection which may be protested as provided for under 19 U.S.C. § 1515.

8. All liquidated duties, charges, or exactions have been paid prior to the filing of the Summons in this case.

## DESCRPTION OF THE MERCHANDISE

9. The imported merchandise upon which the Section 301 duties were assessed and paid and for which refunds are sought include:

    Pet clothing, apparel, and accessories imported and entered through the Port of Los Angeles, California entered and liquidated under subheading 4201.00.6000/ 9903.88.03, Harmonized Tariff Schedule of the United States.

## COUNT 1 – DECLARATORY JUDGMENT

10. The allegations of paragraphs 1 through 9 are restated and incorporated herein by reference.

11. The Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

12. USTR failed to base the imposition of Section 301 duties on Chinese products covered by List 3 on the acts or policies found to "burden or restrict" U.S. commerce as required by 19 U.S.C. § 2411(b)(1).

13. USTR failed to take action to impose duties on List 3 products from China within the 12-month period required by 19 U.S.C. § 2414(a)(1)(B) and 2(B).

14. USTR may "modify or terminate" a Section 301 action when the burden on U.S. commerce from the investigated unfair policies or practices increases or decreases. USTR may not increase the duties assessed in furtherance of Section

301 for reasons other than the acts, policies, or practices that were found to burden U.S. commerce.

15. Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit the USTR to increase an existing remedy action. Rather, it is the authorization to decrease, remove, or pause the action.

16. Plaintiff, therefore, is entitled to a declaratory judgment that the duties assessed on products of China covered by List 3 is contrary to law and void *ab initio*.

## COUNT 2 – ADMINISTRATIVE PROCEDURE ACT

17. The allegations of paragraphs 1 through 16 are restated and incorporated herein by reference.

18. The Administrative Procedure Act permits the Court to set aside an agency action that is:

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B) contrary to constitutional right, power, privilege, or immunity;

    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D) without observance of procedure required by law; or

    (E) unsupported by substantial evidence. 5 U.S.C § 706(2).

19. The promulgation and implementation of the Section 301 duties on products enumerated on List 3 was not accordance with the provisions of the Administrative Procedures Act.

20. USTR's imposition of List 3 duties more than 12 months after the initiation of the investigation is excess of statutory authority and is without the observance of procedure required by law.

21. USTR's imposition of List 3 duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, and an abuse of discretion.

## REQUEST FOR JUDGMENT AND RELIEF

Plaintiff respectfully requests that this Honorable Court enter judgment:

1) declaring the Defendant's actions promulgating Section 301 tariffs enumerated on List 3, pursuant to the Trade Act of 1974, unlawful and contrary to said Trade Act;

2) declaring the Defendant's implementation of the Section 301 tariffs enumerated on List 3, pursuant to the Trade Act of 1974, unlawful and contrary to said Trade Act;

3) enter judgment and order the Defendant to refund, with interest, any duties paid by Plaintiff pursuant to Section 301 Trade Act of 1974, List 3;

4) award Plaintiff's costs and reasonable attorney fees; and

5) grant Plaintiff such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 17, 2020

/s/ Herbert J. Lynch
Herbert J. Lynch
Lead Attorney

Counsel for Plaintiff Pet Rageous Designs, Limited

**SULLIVAN & LYNCH, P.C.**
800 Turnpike Street, Suite 300
North Andover, MA 01845
(617) 591-8787 (telephone)
Email: lynch@s-l.com

5